**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ODYSSEUS VENTURES LLC, GRANT DENHAM, :
and DUNCAN PENN,                                  :        **25-cv-02074-SJB-SIL**
                                                               :
                                    **Plaintiffs,**           :
        -against-                                          :        **ANSWER, AFFIRMATIVE DEFENSES,**
                                                               :        **CROSSCLAIM, COUNTERCLAIM**
SCOTT MADISON, MEGTOR CAPITAL                 :        **AND JURY DEMAND**
PARTNERS LLC, MEGTOR CAPITAL               :
ADVISORS LLC, DAVID NEPO, ENERGY         :
FUNDING SOLUTIONS LLC, and ROY LUSTIG, :
                                                               :
                                    **Defendants.**          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendants David Nepo ("Nepo") and Energy Funding Solutions LLC ("EFS"), referred to herein collectively as "Defendants", by their undersigned attorneys Kane Kessler, P.C., as and for their answer to the complaint dated April 14, 2025 (the "Complaint") of plaintiffs Odysseus Ventures LLC, Grant Denham, and Duncan Penn, collectively referred to herein as "Plaintiffs", respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 3 of the Complaint relating to the alleged actions of co-defendant Scott Madison ("Madison") in connection with an alleged guarantee, and deny all other allegations contained in paragraph 3 of the Complaint.

## **JURISDICTION AND VENUE**

4.  Defendants admit that Plaintiffs purport to assert claims for violations of section 10 (b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and otherwise deny the allegations contained in Paragraph 4 of the Complaint.

5.  Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and respectfully refer all legal conclusions to the Court for its determination.

7.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except deny that venue is proper with respect to Defendants Nepo and EFS, and respectfully refer all legal conclusions to the Court for its determination.

## **THE PARTIES**

10.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

## **FACTUAL ALLEGATIONS**

19.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit that Madison introduced Nepo to Plaintiffs during a Zoom meeting, but deny the remaining allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73. Defendants admit that they executed a document, which purports to be an agreement between Odysseus Ventures LLC and EFS, but denies the remaining allegations contained in paragraph

73 of the Complaint, and respectfully refer the Court to the purported agreement for its specific terms.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint, and respectfully refer the Court to the purported agreement for its specific terms.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint.

110. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint.

111. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint.

113. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint.

114. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

115. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119. Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in the first sentence of Paragraph 120 of the Complaint, and deny the allegations contained in the second sentence of Paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of the Complaint and refer to the alleged promissory note for its terms.

122. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 122 of the Complaint.

123. Defendants deny the allegations contained in Paragraph 123 of the Complaint and refer to the alleged promissory note for its terms.

124. Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of the Complaint and refer to the alleged promissory note for its terms.

126. Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 127 of the Complaint.

128. Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129. Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 130 of the Complaint.

131. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 131 of the Complaint.

132. Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 133 of the Complaint.

134. Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 135 of the Complaint.

136. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 136 of the Complaint.

137. Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138. Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139. Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140. Defendants deny the allegations contained in Paragraph 140 of the Complaint, and respectfully refer all questions of law to the Court for resolution.

141. Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142. Defendants deny the allegations contained in the first sentence of Paragraph 142 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of remaining allegations contained in Paragraph 142 of the Complaint.

143. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 143 of the Complaint.

144. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 144 of the Complaint.

145. Defendants deny the allegations contained in Paragraph 145 of the Complaint, and respectfully refer all questions of law to the Court for resolution.

146. Defendants deny the allegations contained in Paragraph 146 of the Complaint, and respectfully refer all questions of law to the Court for resolution.

## **CAUSES OF ACTION**

## **ANSWER TO FIRST CAUSE OF ACTION**

147. Defendants repeat and reallege all prior answers to the paragraphs and allegations referenced in Paragraph 147 of the Complaint.

148. Defendants deny the allegations contained in Paragraph 148 of the Complaint, and respectfully refer all questions of law to the Court for resolution.

149. Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150. Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151. Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152. Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 153 of the Complaint.

154. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in the first sentence of Paragraph 154 of the Complaint and deny the allegations contained in the second sentence of Paragraph 154 of the Complaint.

155. Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156. Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157. Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 158 of the Complaint.

159. Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160. Defendants deny the allegations contained in Paragraph 160 of the Complaint.

**ANSWER TO SECOND CAUSE OF ACTION**

161. Defendants repeat and reallege all prior answers to the paragraphs and allegations referenced in Paragraph 161 of the Complaint.

162. Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163. Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164. Defendants deny the allegations contained in Paragraph 164 of the Complaint.

165. Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166. Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167. Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168. Defendants deny the allegations contained in the first sentence of Paragraph 168 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of allegations contained in the second sentence of Paragraph 168 of the Complaint.

169. Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170. Defendants deny the allegations contained in Paragraph 170 of the Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

171. Defendants repeat and reallege all prior answers to the paragraphs and allegations referenced in Paragraph 171 of the Complaint.

172. Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173. Defendants deny the allegations contained in Paragraph 173 of the Complaint.

174. Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175. Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176. Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177. Defendants deny the allegations contained in Paragraph 177 of the Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

178. Defendants repeat and reallege all prior answers to the paragraphs and allegations referenced in Paragraph 178 of the Complaint.

179. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 179 of the Complaint.

180. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 180 of the Complaint.

181. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 181 of the Complaint.

182. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 182 of the Complaint.

183. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 183 of the Complaint.

184. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 184 of the Complaint.

185. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 185 of the Complaint.

186. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 186 of the Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION

187. Defendants repeat and reallege all prior answers to the paragraphs and allegations referenced in Paragraph 187 of the Complaint.

188. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 188 of the Complaint.

189. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 189 of the Complaint.

190. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 190 of the Complaint.

191. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 191 of the Complaint.

192. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 192 of the Complaint.

193. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 193 of the Complaint.

194. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 194 of the Complaint.

195. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 195 of the Complaint.

196. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 196 of the Complaint.

197. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 197 of the Complaint.

198. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 198 of the Complaint.

## ANSWER TO SIXTH CAUSE OF ACTION

199. Defendants repeat and reallege all prior answers to the paragraphs and allegations referenced in Paragraph 199 of the Complaint.

200. Defendants admit that they executed a document, which purports to be an agreement between Odysseus Ventures LLC and EFS, but denies the remaining allegations contained in paragraph 200 of the Complaint, and respectfully refer the Court to the purported agreement for its specific terms.

201. Defendants admit that they executed a document, which purports to be an agreement between Odysseus Ventures LLC and EFS, but denies the remaining allegations contained in paragraph 201 of the Complaint, and respectfully refer the Court to the purported agreement for its specific terms.

202. Defendants deny the allegations contained in Paragraph 202 of the Complaint.

203. Defendants deny the allegations contained in Paragraph 203 of the Complaint.

204. Defendants deny the allegations contained in Paragraph 204 of the Complaint.

205. Defendants deny the allegations contained in Paragraph 205 of the Complaint.

206. Defendants deny the allegations contained in Paragraph 206 of the Complaint.

207. Defendants deny the allegations contained in Paragraph 207 of the Complaint.

## ANSWER TO SEVENTH CAUSE OF ACTION

208. Defendants repeat and reallege all prior answers to the paragraphs and allegations referenced in Paragraph 208 of the Complaint.

209. Paragraph 209 does not contain factual allegations to which a response is required. To the extent that any response is necessary, Defendants deny the allegations contained in Paragraph 209 of the Complaint.

210. Defendants deny the allegations contained in Paragraph 210 of the Complaint.

211. Defendants deny the allegations contained in Paragraph 211 of the Complaint.

212. Defendants deny the allegations contained in Paragraph 212 of the Complaint.

213. Defendants deny the allegations contained in Paragraph 213 of the Complaint.

214. Defendants deny the allegations contained in Paragraph 214 of the Complaint.

## ANSWER TO EIGHTH CAUSE OF ACTION

215. Defendants repeat and reallege all prior answers to the paragraphs and allegations referenced in Paragraph 215 of the Complaint.

216. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 216 of the Complaint.

217. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 217 of the Complaint.

218. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 218 of the Complaint.

219. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 219 of the Complaint.

220. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 220 of the Complaint.

## ANSWER TO NINTH CAUSE OF ACTION

221. Defendants repeat and reallege all prior answers to the paragraphs and allegations referenced in Paragraph 221 of the Complaint.

222. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 222 of the Complaint and refer all legal issues to the Court for its determination.

223. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 223 of the Complaint.

224. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 224 of the Complaint.

225. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 225 of the Complaint.

226. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 226 of the Complaint.

227. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 227 of the Complaint.

228. Defendants deny the allegations contained in Paragraph 228 of the Complaint.

229. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 227 of the Complaint.

## ANSWER TO TENTH CAUSE OF ACTION

230. Defendants repeat and reallege all prior answers to the paragraphs and allegations referenced in Paragraph 230 of the Complaint.

231. Defendants deny the allegations contained in Paragraph 231 of the Complaint.

232. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 232 of the Complaint.

233. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 233 of the Complaint and refer the Court to the note referred to in Paragraph 233 for its terms.

234. Defendants deny the allegations contained in Paragraph 234 of the Complaint.

235. Defendants deny the allegations contained in Paragraph 235 of the Complaint.

236. Defendants deny knowledge or information sufficient to form a belief as to the truth of Defendants deny the allegations contained in Paragraph 235 of the Complaint.

237. Defendants deny the allegations contained in Paragraph 235 of the Complaint.

238. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 238 of the Complaint.

## ANSWER TO ELEVENTH CAUSE OF ACTION

239. Defendants repeat and reallege all prior answers to the paragraphs and allegations referenced in Paragraph 239 of the Complaint.

240. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 240 of the Complaint.

241. Defendants deny the allegations contained in Paragraph 241 of the Complaint.

242. Defendants deny the allegations contained in Paragraph 242 of the Complaint.

243. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 243 of the Complaint.

244. Defendants deny the allegations contained in Paragraph 244 of the Complaint.

245. Defendants deny the allegations contained in Paragraph 245 of the Complaint.

246. Defendants deny the allegations contained in Paragraph 246 of the Complaint.

## ANSWER TO TWELFTH CAUSE OF ACTION

247. Defendants repeat and reallege all prior answers to the paragraphs and allegations referenced in Paragraph 247 of the Complaint.

248. Defendants deny the allegations contained in Paragraph 248 of the Complaint.

249. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 249 of the Complaint.

250. Defendants deny the allegations contained in Paragraph 250 of the Complaint.

251. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 251 of the Complaint.

252. Defendants deny the allegations contained in Paragraph 252 of the Complaint.

253. Defendants deny the allegations contained in Paragraph 253 of the Complaint.

254. Defendants deny the allegations contained in Paragraph 254 of the Complaint.

## ANSWER TO THIRTEENTH CAUSE OF ACTION

255. Defendants repeat and reallege all prior answers to the paragraphs and allegations referenced in Paragraph 255 of the Complaint.

256. Defendants deny the allegations contained in Paragraph 256 of the Complaint.

257. Defendants deny the allegations contained in Paragraph 257 of the Complaint.

258.  Defendants deny the allegations contained in Paragraph 258 of the Complaint.

259.  Defendants deny the allegations contained in Paragraph 259 of the Complaint.

260.  Defendants deny the allegations contained in Paragraph 260 of the Complaint.

## SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each and every count of the Complaint fails to state a claim upon which relief may be granted and these Defendants reserve the right to move at or before the time of trial to dismiss same.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over these Defendants and the exercise of such jurisdiction over these Defendants is in violation of Defendants' rights under the Constitutions of the State of New York and the United States of America and Defendants reserve the right to move for dismissal of the Complaint. This defense is preserved and not waived by the simultaneous assertion of any counterclaims, which are brought solely in the alternative, in the event that this Court fails to dismiss for lack of personal jurisdiction, and do not constitute consent to the jurisdiction of this Court.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Statute of Frauds.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead fraud with reasonable particularity.

### FIFTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims must be dismissed, since the alleged oral, written and implied

agreements and understandings between Plaintiffs and Defendants upon which the claims are based have been superseded by written documents executed by the Parties and the defense to each and every claim of Plaintiffs is founded upon such documentary evidence.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff did not reasonably rely on any alleged statement made by these Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff for conversion, unjust enrichment, civil conspiracy and fraud are duplicative of the breach of contract claims and must be dismissed.

### EIGHTH AFFIRMATIVE DEFENSE

There is no claim under the laws of New York State for civil conspiracy upon which relief may be granted.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable Statute of Limitations.

### TENTH AFFIRMATIVE DEFENSE

The alleged contract between Defendant EFS and Odysseus Ventures LLC is unenforceable due to a failure of consideration.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants Nepo acted at all times as the agent, servant and employee of Defendant EFS and has no personal liability for the contractual obligations alleged in the Complaint and all claims relating to or arising from those contractual obligations alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction since there was never any offer or sale of a

security and therefore, the First Cause of Action, which is purportedly the basis for federal court jurisdiction, must be dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged contract between Defendant EFS and Odysseus Ventures LLC requires Odysseus Ventures LLC to indemnify and hold harmless EFS from any claims, losses, liabilities, and expenses, including attorney's fees, arising out of breach of contract, negligence, or non-performance of the contract.  As a result, EFS is not liable to Plaintiffs for any damages, which Plaintiffs allegedly incurred and/or Plaintiff Odysseus Ventures LLC must indemnify and hold harmless EFS from any claims, losses, liabilities, and expenses, including attorney's fees, arising out of breach of contract, negligence, or non-performance of the contract, allegedly resulting in damages to Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs Grant Denham and Duncan Penn acted at all times as the agent, servant and employee of Plaintiff Odysseus Ventures LLC and as a result, Plaintiffs Grant Denham and Duncan Penn have no standing to maintain this action.

**WHEREFORE**, Defendants Nepo and EFS hereby demand judgment against Plaintiffs dismissing the complaint with prejudice, together with costs and disbursements of this action, plus reasonable attorney's fees and interest, and such other, further and different relief as to the Court seems just, proper and equitable

## CROSSCLAIM

### (Against Defendants Scott Madison, Megtor Capital Partners LLC, Megtor Capital Advisors LLC)

Defendants and cross-claimants Nepo and EFS, by and through their attorneys, Kane Kessler, P.C., as and for their crossclaim against Co-Defendants Scott Madison, Megtor Capital Partners LLC, Megtor Capital Advisors LLC (collectively, the "Madison Defendants"), allege as follows:

1.      If Plaintiffs sustained any injuries or damages as alleged in the Complaint, which these answering Defendants deny, then such injuries or damages were caused solely by reason of the wrongful and/or culpable conduct, acts or omissions, fraud, breach of contract, obligation or warranty of the Madison Defendants.

2.      As a result, if it is found that these answering Defendants are liable to Plaintiffs herein based upon any alleged wrongful and/or culpable conduct, acts or omissions, fraud, breach of contract, obligation or warranty, or upon any other theory of liability asserted in the Complaint, then these answering Defendants are entitled to complete common law indemnification, and/or contribution, and/or contractual indemnification, in whole or in part, over and against the Madison Defendants for all or part of any verdict or judgment based upon their respective responsibility or fault as determined by the Court and/or a jury at the time of the trial of this action.

**WHEREFORE**, by reason of the foregoing, these answering Defendants, Nepo and EFS, are entitled to contractual and/or common law indemnification and/or contribution from, and to have judgment against, the Madison Defendants, for all or part of any verdict or judgment that Plaintiffs may recover against Nepo and EFS.

## <u>COUNTERCLAIM</u>

Without waiving the defense that this Court lacks personal jurisdiction over Defendants

Nepo and EFS, and in the alternative, in the event that this Court determines that personal jurisdiction exists, Defendant EFS, by and through its attorneys, Kane Kessler, P.C., asserts the following counterclaim against Plaintiff Odysseus Ventures LLC ("Odysseus"), subject to and without conceding personal jurisdiction over Defendant and Counterclaimant EFS, and alleges as follows:

1.      On or about December 30, 2023, Defendant/Counterclaimant EFS and Plaintiff/Respondent Odysseus signed a written document characterized as an agreement entered into as of November 30, 2023 (the "Agreement").

2.      The Agreement provided, inter alia, as follows:

  a.      In order to induce EFS to generate the first program series on behalf of Odysseus with no up-front fees, Odysseus will cause the purchase of net $1,500,000 of MTN Funding PLC ISIN: GB00BNYNFZ53 with first coupon payable June 2024 (which will include one additional month of interest).

  b.      No up-front fees will be due or payable by Odysseus to EFS.

  c.      Any fees or payments due from the series will be paid from series bond sale proceeds as laid out in the facility agreement.

3.      The Agreement further provided that Odysseus agrees to indemnify and hold harmless EFS from any claims, losses, liabilities, and expenses, including attorney's fees, arising out of breach of contract, negligence, or non-performance of this Contract (the "Indemnification Clause").

4.      The Indemnification Clause does not expressly limit indemnity to third-party claims,  nor does it expressly exclude claims between the parties themselves. Any ambiguity

should be resolved in accordance with the parties' mutual intent, as evidenced by their negotiations and communications.

5.    EFS and Odysseus intended the Indemnification Clause to apply to both third-party claims and first-party claims.

6.    Odysseus is obligated to indemnify and hold harmless EFS from any claims, losses, liabilities, and expenses, including attorney's fees, arising from the claims asserted by any third-party against EFS in this action, including, without limitation, claims asserted by Plaintiffs Grant Denham and Duncan Penn, and Co-Defendants Scott Madison, Megtor Capital Partners LLC, Megtor Capital Advisors LLC, if any.

7.    Odysseus is obligated to indemnify and hold harmless EFS from any claims, losses, liabilities, and expenses, including attorney's fees, arising from the claims asserted by Odysseus against EFS in this action. This obligation arises from the parties' express agreement, or in the alternative, from a construction of the Indemnity Clause in accordance with the parties' course of dealing and the doctrine of equitable estoppel.

**WHEREFORE**, Defendant/Counterclaimant EFS demands judgment against Plaintiff/Respondent Odysseus for full indemnification from any claims, losses, liabilities, and expenses, including attorney's fees, arising from the claims asserted against EFS in this action, including, without limitation, claims asserted by Plaintiffs Grant Denham and Duncan Penn, Plaintiff Odysseus, and Co-Defendants Scott Madison, Megtor Capital Partners LLC, and Megtor Capital Advisors LLC., including all damages, together with costs and disbursements of this action, plus reasonable attorney's fees and interest, and such other, further and different relief as to the Court seems just, proper and equitable.

## JURY DEMAND

Defendants Nepo and EFS demand trial by jury on all issues so triable.


Dated: June 5, 2025                              **KANE KESSLER, P.C.**
New York, New York

                                                 By: s/*S. Reid Kahn*
                                                     S. Reid Kahn, Esq.
                                                     Jonathan M. Sabin, Esq.
                                                 600 Third Avenue
                                                 New York, New York 10016
                                                 (212) 519-5129
                                                 rkahn@kanekessler.com
                                                 jsabin@kanekessler.com

                                                 *Attorneys for Defendants Energy Funding
                                                 Solutions LLC and David Nepo*